UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

YORLIN EDUARDO GONZALEZ CARIAS,
Petitioner,

v.

MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 26-CV-5774 JLS (DDL)

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 5)

Presently before the Court are Petitioner Yorlin Eduardo Gonzalez Carias's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 5) and Respondents' Return to Petition ("Ret.," ECF No. 7). For the following reasons, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a citizen of Honduras, entered the United States without inspection in 2021 or 2022. Pet. at 2. On September 21, 2026, Petitioner was arrested—without a warrant—while at home in a boarding house. *Id.* Respondents issued a warrant after Petitioner's arrest. *Id.*; Ret. at 2; Ret., Ex. 2. Petitioner contends he was never served with a Notice to Appear. Pet. at 2. Petitioner then filed the present Petition, arguing that his

/ / /

warrantless arrest was unlawful and requesting release, or in the alternative, a bond hearing. *See generally id*.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a post hoc warrant can cure Petitioner's arrest unsupported by a finding that he was likely to escape. *See* Pet at 5.

Petitioner argues that release is required because a bond hearing cannot remedy an arrest that was unlawful at the time it occurred. Pet. at 7–8. Although a warrant was served on Petitioner after his arrest, Petitioner contends that the arresting officer did not make a pre-arrest determination of probable cause or likelihood of escape. Pet. at 6. Respondents do not oppose a bond hearing but oppose release. Ret. at 2–3.

Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1357(a)(2) provides for warrantless arrests, but only when an officer "has reason to believe that the alien so arrested is in the

United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Following a warrantless arrest, "a determination will be made within 48 hours of the arrest . . . whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

Even assuming that there was probable cause to believe Petitioner was unlawfully present in the United States, *see* Ret., Ex. 2 (Form I-200), the record is devoid of evidence that Petitioner was "likely to escape" before Respondents could obtain a warrant. *See* 8 U.S.C. § 1357(a)(2). Respondents do not even argue that he was. *See generally* Ret.; Ret., Ex. 1 (Form I-213). And Respondents' belief that Petitioner was present in the United States unlawfully "does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante v. LaRose*, No. 26-CV-4259 LEK (AHG), 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (quoting *A.B.D. v. Wamsley*, No. 25-CV-2014 AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Relevant factors include the length of time residing in the United States, family and community ties, employment, housing, and criminal history. *See, e.g.*, *United States v. Khan*, 324 F. Supp. 2d 1177, 1186–87 (D. Colo. 2004); *United States v. Pacheco-Alvarez*, 227 F. Supp. 3d 863, 980 (S.D. Ohio 2016). The documents submitted by Respondents do not demonstrate that the arresting officer evaluated Petitioner's likelihood of escape. *See* Ret., Ex. 1.

The Court concludes Petitioner's detention without a valid warrant or lawful process violated his due process rights under the Fifth Amendment. Providing Petitioner with a bond hearing would not remedy that violation. *See Vasquez-Perdomo v. Mullin*, No. 25-CV-5605, 2026 WL 2751388, at *6 (C.D. Cal. Sept. 2, 2026). Only release from detention can accomplish that.

/ / /

/ / /

/ / /

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 5) and **ORDERS** Respondents to immediately release Petitioner from custody. The Court **ORDERS** that, prior to any re-detention of Petitioner, the government must either obtain a warrant under 8 U.S.C. § 1226(a) authorizing Petitioner's arrest or comply with the warrant exception under 8 U.S.C. § 1357(a)(2). The Parties are **ORDERED** to file a Joint Status Report by November 9, 2026, confirming that Petitioner has been released. As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge